Opinion filed January 22, 2026



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00038-CV

_____

## IN RE COMMITMENT OF EARL BURT BARNES, III

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 025619**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a civil commitment order in which the State sought to commit Appellant, Earl Burt Barnes, III, for treatment and supervision as a sexually violent predator pursuant to the Texas Civil Commitment of Sexually Violent Predators Act. TEX. HEALTH & SAFETY CODE ANN. ch. 841 (West 2017 & Supp. 2025). A jury found beyond a reasonable doubt that Appellant is a sexually violent

predator, and the trial court entered a final judgment and commitment order committing Appellant for treatment and supervision. HEALTH & SAFETY § 841.081.

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008). Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief, and of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 53. As such, court-appointed counsel has complied with the requirements of *Anders*, 386 U.S. at 742–44, *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), *Schulman*, 252 S.W.3d at 409–12, and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and likewise conclude that the appeal is without merit.[1] *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 & n.6 (Tex. Crim. App. 2005).

---

[1]We note that Appellant has the right to file a petition for discretionary review with the Texas Supreme Court. *See* TEX. R. APP. P. 53.

Accordingly, we grant counsel's motion to withdraw,[2] and we affirm the judgment of the trial court.

W. BRUCE WILLIAMS

JUSTICE

January 22, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]We decline to extend the Supreme Court's holding in *In re P.M.* to civil commitment appeals. *See In re P.M.*, 520 S.W.3d 24, 26–27 (Tex. 2016) (appointed counsel's representation of an indigent mother in an involuntary parental rights termination proceeding extends to the filing of a petition for review). As discussed in *P.M.*, the Family Code affords indigent parents in involuntary termination proceedings the right to counsel until "all appeals . . . are exhausted or waived." *See* TEX. FAM. CODE ANN. § 107.016(2)(B) (West Supp. 2025). Section 841.144 of the Health and Safety Code provides that "a person subject to a civil commitment proceeding . . . is entitled to the assistance of counsel at all stages of the proceeding," which includes "a trial or hearing." HEALTH & SAFETY §§ 841.002(3-a), 841.061 (trial), 841.103 (hearing), 841.144(a). We have found no statutory language in Chapter 841 comparable to Section 107.016 of the Family Code that would indicate a legislative intent to extend counsel's representation to the filing of a petition for review in this context. *Cf. In re Commitment of Riggs*, No. 06-18-00073-CV, 2019 WL 1560688, at *1 (Tex. App.—Texarkana Apr. 11, 2019, no pet.) (mem. op.) (applying *Anders* procedure to a civil commitment appeal and denying counsel's motion to withdraw pursuant to *P.M.*).